## In re HERR. (No. 1.)

(District Court, M. D. Pennsylvania. November 17, 1910.)

No. 1,552, in Bankruptcy.

BANKRUPTCY (§ 238*)—CONTEMPT—CANCELED VOUCHERS—FAILURE TO DELIVER TO TRUSTEE.

In a proceeding against a bankrupt for contempt in failing to deliver to his trustee certain checks, check stubs, and canceled notes showing payments made by him immediately prior to bankruptcy, shown to have been in his possession within three weeks prior to bankruptcy, evidence *held* insufficient to establish that such checks, etc., had been lost, and were not within the bankrupt's control, so as to excuse his failure to surrender them.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 406; Dec. Dig. § 238.*]

In the matter of Hyman J. Herr, bankrupt. On certificate of the referee to review an order entered on a rule committing the bankrupt for contempt, in failing to deliver to the trustee certain checks, checkbook stubs, canceled notes, etc., belonging to the bankrupt. Order affirmed.

See, also, 182 Fed. 716.

M. C. Rhone and A. R. Jackson, for the rule.

W. E. Crawford and C. L. Peaslee, for the bankrupt.

ARCHBALD, District Judge. It is of the greatest importance to the settlement of this estate that the trustee should have the checks, the checkbook stubs, and the canceled notes, which belonged to the bankrupt, as only by these can the various payments made by the bankrupt, just prior to the filing of his petition be known. On December 2, 1909, three weeks before his bankruptcy, 253 checks were returned to him, upon the balancing of his book by the bank; and not one of these can be found. Some 31 checks were also turned over the day he filed his petition, and with one or two exceptions the trustee has these. But this leaves a very large number unaccounted for, and the bankrupt, upon examination, professes to know nothing definite as to whom or in what amounts they were any of them made out. The referee, within a month afterwards, while the matter was still fresh in every one's mind, made an order on the bankrupt to turn over these missing papers, and after a special hearing upon the subject, not being satisfied of his inability to do so, he has certified the matter here.

The only answer of the bankrupt to the rule is that he left all his books and papers in his store, and, as corroborative of this, it is urged

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] No opinion filed.

that those of them which the trustee now has were so found. But the receiver, who took immediate possession, after the petition was filed, found nothing of the kind in the store, and it is impossible that they should have escaped him, if they had been there. Nor was there any, intermediate period of occupation, when they might have been unwittingly destroyed. Enough has developed to show that the bankrupt has a motive for the concealment of these checks, and it permits of too easy an evasion to accept his statement, that he left them behind when he gave up possession of the store, in the face of the denial by those who immediately went in, that they were not there. The referee heard the witnesses and did not believe the bankrupt's story, and I am not any better impressed with its truth.

The bankrupt is therefore adjudged in contempt, and will be committed until the order of the referee is complied with.